DOVER TOWN SCHOOL DISTRICT
v. Robert & Yvonne SIMON

[650 A.2d 514]

No. 93-406

October 5, 1994.

At all relevant times defendants were residents of Wilmington, Vermont. Defendants own property and pay taxes in the towns of Wilmington and Dover, Vermont. Wilmington and Dover are separate independent school districts. In 1987, defendants represented to Frank Vara, principal of the Dover Elementary School, that they intended to make Dover their home and therefore would be enrolling their children in the Dover Elementary School. Vara informed defendants that they would not be required to pay tuition if they did in fact become Dover residents. In September 1987, defendants enrolled their two children in Dover Elementary School, but defendants never became residents of Dover.

When efforts to collect tuition from defendants failed, plaintiff brought suit in Windham Superior Court. Defendants argued that school districts have no statutory authority to demand payment of nonresident pupil tuition directly from parents. After hearing the matter on the merits, the trial court found defendants liable for nonresident tuition and ordered them to pay the school district. In reaching its conclusion, the trial court relied on 16 V.S.A. § 1093, which provides:

> The board may receive into the schools under its charge nonresident pupils under such terms and restrictions as it deems best and money received for the instruction of such pupils shall be paid into the school fund of the district.

On appeal, defendants contend that the trial court's ruling allowing school districts to impose personal liability on parents of nonresident students is erroneous as a matter of law, and that school districts receiving voluntary nonresident pupils are required to collect tuition from the pupils' home school districts. See 16 V.S.A. § 823 ("[t]uition for elementary pupils shall be paid by the district in which the pupil is a resident").

Defendants have taken § 823 completely out of context. Section 823 relates only to students who attend schools in other districts because their home district has no school. It is part of Title 16, chapter 21, which requires school districts to maintain certain schools and schooling opportunities for their residents. 16 V.S.A. §§ 821–835 ("Maintenance of Public Schools"). Sections 821–830 address tuition sources for resident pupils and involuntary nonresident pupils. Section 821 addresses the payment of tuition for students who attend schools in their home districts. Section 824 mandates home districts pay tuition for involuntary high school pupils. Under § 830, the Department of Social and Rehabilitation Services is responsible for reimbursing the host school for expenses in providing for the education of children in their care who do not reside with their parents. In contrast, chapter 25 of Title 16, §§ 1071–1165, addresses "Attendance and Discipline." Within subchapter 2, en-

titled "Assignment of Pupils to Schools; Tuition," § 1093 addresses nonresident pupils. Section 1093 is the controlling statute in this matter.

In construing a statute, our objective is to effectuate legislative intent. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335–36, 576 A.2d 450, 452 (1990). We rely on the plain meaning of the words to interpret a statute because we presume it reflects the Legislature's intent. *Id.* Although § 1093 does not explicitly authorize school districts to demand payment from parents, it implicitly gives school districts the discretion to do so. Because 16 V.S.A. §§ 821–835 mandates local school boards to provide public schools for their own residents, we believe the Legislature intended to give school boards broad discretion in controlling the influx of voluntary nonresident pupils via § 1093. Section 1093's permissive language, "may receive," authorizes school boards to accept voluntary nonresident students. The phrase "under such terms and restrictions as it deems best" provides school boards with the discretion and authority to dictate how such pupils are received. Finally, the phrase "money received for the instruction of such pupils" is synonymous with tuition. Therefore, plaintiff was well within its authority to demand tuition payment directly from defendants for the education of defendants' children.

*Affirmed.*